Argued April 8, affirmed May 20, rehearing denied June 24, 1924.

## N. E. HARJU *v.* EINOR W. ANDERSON.

### (225 Pac. 1100.)

**Judges—Judge not Disqualified by Motion to Call in Another Judge, Where Motion not Called to His Attention and not Timely Filed.**

1. Defendant's motion to call in another judge, supported by an affidavit of prejudice, which was filed with the clerk of the court, pursuant to Sections 45—1, 45—2, Or. L., did not disqualify the judge from trying issues raised by pleadings in the cause, in view of Sections 534, 535, Or. L., where motion was not called to judge's attention, and was not filed until after defendant's application for a postponement was denied.

**Motions—Motion Presumed to be Waived Where not Called to Court's Attention.**

2. Generally, a motion never called to court's attention is presumed to have been waived by party making it.

**Judgment—Satisfaction or Vacation of First Judgment Defeats Second Judgment.**

3. Where a recovery is had in an action upon a judgment, satisfaction or vacation of first judgment defeats second judgment.

From Clatsop: J. A. Eakin, Judge.

Department 2.

### Affirmed. Rehearing Denied.

For appellant there was a brief over the names of *Mr. Edward E. Gray* and *Mr. J. Bruce Polworth,* with an oral argument by *Mr. Gray.*

See 33 C. J., p. 1013; 23 Cyc., p. 1493; 28 Cyc., p. 14.

For respondent there was a brief and oral arguments by *Mr. G. C. Fulton* and *Mr. Enoch E. Matthison.*

McCOURT, J.—In an action between plaintiff and defendant then pending in the Superior Court of the State of Washington for the county of Cowlitz, plaintiff, on the twentieth day of November, 1920, recovered judgment against defendant for the sum of $5,500, together with a further sum of $52 for costs and disbursements of the action.

Thereafter, and prior to April 4, 1921, plaintiff instituted this action against defendant in the Circuit Court of Clatsop County, Oregon, based upon the above-described judgment, and in his complaint, plaintiff prayed for judgment against defendant for $5,552 and his costs and disbursements of the action.

Defendant, by his amended answer in the instant case, denied the averments of plaintiff's amended complaint, and in a portion of his answer, denominated a "cross-complaint in equity," alleged affirmatively that he had never been served with summons or other process in the Washington action, and that he had not appeared in that action prior to the rendition of judgment therein.

Defendant's amended answer, above mentioned, was filed on October 28, 1921, and thereafter on November 4, 1921, plaintiff interposed a demurrer to the cross-complaint. Defendant resisted the demurrer, and the same was overruled by the court on January 11, 1922. The affirmative matter in defendant's amended answer was put at issue by a reply filed by plaintiff on the eighteenth day of January, 1922.

A few days after plaintiff's reply was filed, the court designated February 15, 1922, as the date for the trial of the issues presented by the pleadings. Thereafter, on the second day of February, defendant made a motion for the postponement of the trial until such time as a motion to vacate and set aside the Washington judgment should be determined, a motion for that purpose having been made by defendant in the action in the Washington court after this action was commenced.

The motion for postponement of trial came on for hearing, and was denied by the court on February 10, 1922.

For the purpose of securing the postponement which the court had refused to grant upon the above mentioned motion, the defendant, on February 14, 1922, filed a motion and affidavit pursuant to Sections 45—1 and 45—2, Or. L., asserting that the judge of the court in which the action was pending, was prejudiced against the defendant and his attorneys, or one of them. Upon the assumption that the mere filing of the motion and affidavit with the clerk of the court, deprived the judge of further power to proceed in the case except to make an order transferring the case to another judge, defendant did not at any time call the attention of the court, or the presiding judge thereof, to the fact that he had filed such a motion, and did not request the court or judge to rule thereon.

On the following day, when the cause came on for trial, neither the defendant nor either of his attorneys appeared, and both defendant and said attorneys refused to attend the trial, and did not communicate to the court any reason for their nonappearance. Plaintiff thereupon moved the court for an

order dismissing defendant's cross-complaint in equity, upon the ground that defendant had failed to appear at the time and place set for the trial thereof. The court allowed the motion, and made an order dismissing defendant's equitable cross-complaint. At the same time the court fixed March 1, 1922, as the trial date for the issues presented by plaintiff's complaint and the answer of defendant. Notice of trial as thus fixed, was given to defendant.

On March 1, 1922, plaintiff appeared, ready for trial, but the defendant did not appear in person or by counsel, and, as in the case of the trial upon the equitable cross-complaint, neither the defendant nor his attorneys communicated to the court any reason for their nonappearance. A jury was impaneled and sworn, and plaintiff submitted his evidence to the jury, which returned a verdict for the plaintiff for the full amount prayed for in his complaint. Judgment was thereafter entered upon that verdict, from which judgment defendant appeals.

1, 2. Defendant's assignments of error present the contention that the motion to call in another judge, supported by an affidavit of prejudice, which was filed by defendant with the clerk of the court, but which was not called to the attention of the judge nor any request made for a ruling thereon, disqualified the judge before whom the action was pending to sit to hear or try any of the issues raised by the pleadings in the cause.

Manifestly, the procedure followed by defendant upon his motion was lacking in fairness to the court, and the judge thereof, and did not conform to the usual practice in matters of that kind. Generally, a motion which is never called to the attention of the

111 Or.—27

court is presumed to have been waived by the party making it: 28 Cyc. 14.

The Code defines a motion as an application for an order (§ 534, Or. L.), and directs that in proceedings of the character under consideration, motions shall be made to the judge of the court before whom the action is pending: Section 535, Or. L. Filing a motion with the clerk is not equivalent to making the motion to the judge. Before a motion for change of judges properly can have any influence upon the power or authority of a judge to sit to hear or try a cause, such motion must be called to the attention of the judge whose duty it is to pass thereon or to take some action in respect thereto.

Sections 45—1 and 45—2, Or. L. were copied from the laws of the State of Washington: *State* v. *Stillwell,* 100 Or. 637, 639 (198 Pac. 559). The Supreme Court of the State of Washington has frequently held that, in order for a litigant to avail himself of the right under the statute to a change of judges to try a cause, a motion supported by the necessary affidavit must be seasonably made, and that such application comes too late when made after a motion by the applicant to postpone the trial of the cause has been denied by the judge before whom the action or suit is pending: *State ex rel. Lefebvre* v. *Clifford,* 65 Wash. 313 (118 Pac. 40); *State ex rel. Davis* v. *Reynolds,* 114 Wash. 335 (195 Pac. 25). In the latter case the court, after referring to the earlier decisions of the court, said:

"The point we wish to emphasize is that a motion for a change of judges supported by an affidavit of prejudice, is timely made *if filed and called to the attention of the court* before it has made any ruling whatsoever in the case, either on the motion of the party making the affidavit or on the motion of any

other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made." (Italics ours.)

The foregoing rule announced by the Washington court, conforms to the accepted ideas of practice and fairness, and we approve the same for application in this state in respect to Circuit Courts in counties like Clatsop County, where there is no presiding judge who hears motions and demurrers, and assigns cases to the other departments of the Circuit Court for trial.

The statute contains an express direction, authorizing the application for a change of judges to be made at any time prior to the commencement of the trial, in counties where there is a presiding judge who hears motions and demurrers and assigns cases to the other departments of the Circuit Court for trial: Section 45—3, Or. L.

It follows that the judgment appealed from was not invalid on account of the steps taken by defendant for a change of judges, for the reason that he did not perfect his application by calling the same to the attention of the judge before whom the action was pending, and for the further reason that the motion was not timely made, thus making it the duty of the judge to deny the same if it had been presented to him.

Claiming that the debt represented by the judgment from which this appeal is taken has been satisfied, and for that reason plaintiff's action herein should be dismissed, defendant has filed in this court an authenticated copy of the record of the Washington court relating to a writ of execution issued out of that court and a sale had thereon and also of the proceedings prosecuted by defendant in the Washing-

ton court to vacate and set aside the judgment against him therein.

It appears from that record that after the entry of the judgment from which this appeal is taken, plaintiff caused a writ of execution to be issued out of the Washington court on the judgment therein, and that certain real property in the State of Washington that plaintiff claimed belonged to defendant was levied upon and sold under that writ for the amount of plaintiff's judgment. Defendant urges that the sale upon execution extinguished the Washington judgment and the Oregon judgment based thereon, as well. Plaintiff, on the other hand, insists that the proceedings upon execution in the Washington court are not completed, and until so completed, it cannot be determined whether plaintiff has obtained anything thereby in payment or satisfaction of his judgment.

3. It is well settled that the plaintiff can have only one satisfaction for his debt (*Cooper* v. *Sagert,* 111 Or. 27, 223 Pac. 943), and where recovery is had in an action upon a judgment, the satisfaction or vacation of the first judgment operates to defeat the second judgment, "so that the plaintiff shall have no fruit thereof." *State ex rel. Spitzer* v. *Beveridge,* 109 Or. 69 (218 Pac. 1112).

However, the controversy last referred to cannot be decided upon this appeal, but must be determined in the first instance by the courts, or one of them, in which the judgments in question were given.

The judgment of the Circuit Court is affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.