Argued on respondent's motion to dismiss filed September 23, appeal dismissed November 29, 1976

STATE OF OREGON, *Respondent,*

*v.*

GEORGE BRIAN SHAW, *Appellant.*

(No. 82784, CA 5918)

556 P2d 717

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem, appeared for the motion.

Charles N. Hilke, Marion-Polk Legal Aid Service, Salem, appeared contra.

SCHWAB, C. J.

## SCHWAB, C. J.

The state moves to dismiss defendant's appeal from the denial of his motion for the return of an automobile seized by the state at the time of his arrest.

On March 23, 1973, defendant was arrested and charged with attempted theft in the first degree, and his automobile, which allegedly was used in the commission of the offense, was seized. On May 21, 1973, defendant's automobile was released to a credit company which held a lien on defendant's car. On March 17, 1975, this court reversed defendant's conviction and remanded the case for a new trial. *State v. Shaw,* 20 Or App 587, 532 P2d 1143 (1975). The case was dismissed by the trial court on July 29, 1975, and on October 10, 1975, a motion for the return of the automobile was filed.

The statutory provisions for the return of seized property upon which defendant bases his motion are contained in ORS 133.623 et seq. They provide that when more than 90 days have elapsed since the seizure, the court having ultimate jurisdiction over any crime charged in connection with the seizure may, in its discretion, allow a motion for the return of the seized property. The denial of such a motion is appealable only "upon certification by the court having custody of the things in question that they are no longer needed for evidentiary purposes." ORS 133.653(2).

We have examined the record and can find no certification as required by ORS 133.653(2). We do not agree with defendant that certification may be implied from the actions of the trial court in securing counsel for defendant so that this appeal might be perfected. Certification, as conceived by ORS 133.653(2), can only mean formal notice from the trial court to this

court that the property is no longer needed for evidentiary purposes.[1]

Appeal dismissed.

---

[1]The dismissal of this appeal is not a holding precluding defendant from pursuing any available civil remedies. Neither does it preclude him from seeking the certification necessary for an appeal pursuant to ORS 133.653(2).