Argued and submitted November 15, 1977, resubmitted in banc on record and briefs February 23, reversed and remanded March 13, reconsideration allowed by opinion May 30, petition for review denied September 6, 1978, 283 Or 235

See 34 Or App 659, 579 P2d 869

STATE OF OREGON, *Respondent,*

*v.*

RICHARD MICHAEL GLASCOCK, *Appellant.*

(No. 92677, CA 8436)

576 P2d 377

[ 218 ]

Gregory R. Mowe, ACLU Cooperating Attorney, Portland, argued the cause and filed the brief for appellant.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from a trial court order denying his motions for return of property seized from him at the time of his arrest.

On October 16, 1975, the defendant's home was searched by police pursuant to a valid warrant. The police discovered illegal drugs in the house. After obtaining defendant's consent to search his automobile, the police found that it contained approximately $4,300 in cash, but no drugs or other contraband. Subsequent to the search defendant was arrested for criminal activity in drugs. At the time of his arrest, the police seized defendant's automobile, the $4,300, stereo equipment, a suitcase and a knife found in his home. The reason for the seizure of the stereo equipment is not clear. The other property was taken for possible use as evidence of defendant's criminal activity in drugs.

On October 22, 1975, defendant, represented by counsel, entered a plea of not guilty. On October 23, 1975, defendant's counsel filed a motion seeking return of the automobile and the $4,300 cash seized from him. Defendant was released from police custody on October 24, 1975. On October 27, 1975, a letter addressed to defendant's home was mailed by the Marion County Interagency Narcotics Team (MINT) informing him that:

> "* * * Pursuant to ORS 471.665, it is our intention to confiscate and retain your vehicle under Oregon Law."

The letter did not state how and when such confiscation would occur. On the same day the letter was mailed, the trial court granted the state's ex parte motion to confiscate defendant's automobile and ordered it held by the Marion County Sheriff pending outcome of defendant's trial.[1] Subsequent to this

---

[1] The district attorney's motion of October 27, 1975 was entitled "Motion for Order Authorizing Seizure for Retention of Motor Vehicle for Evidence." The motion sought "confiscation" of the automobile and the order entered "confiscated" the automobile and ordered it retained by the sheriff pending the outcome of defendant's trial.

[ 219 ]

order, defendant's counsel was informed by the district attorney during plea negotiations that the defendant's automobile and the $4,300 would be confiscated.

On November 24, 1975, defendant appeared in the trial court and changed his plea to guilty. On December 11, 1975, the state requested and was granted an order permitting MINT to confiscate defendant's automobile and retain it for law enforcement purposes.[2] The record does not indicate that the defendant or his counsel received any notice of this action.

The defendant was sentenced on January 20, 1976, to five years in the state penitentiary. At that time, the district attorney made the following recommendation to the trial court:

"* * * Your Honor, I believe we have a specific recommendation in the case. Based upon the defendant's prior record, which you are aware of, and the facts and circumstances, and the fact that there was a rather large amount of heroin involved here, we would recommend a five-year sentence in the Corrections Division. We would show him this much leniency, I believe, for one reason that he was cooperative when he was arrested and, I believe, over forty-three hundred dollars in cash was confiscated, along with this vehicle."

On May 20, 1976, the district attorney sent defendant's counsel a letter informing him that the district attorney did not intend to return any of the defendant's property that had been seized until proper procedures were followed. This letter arrived after the defendant's counsel and an assistant district attorney had apparently reached an agreement allowing the defendant's family to pick up the seized stereo equipment.

---

[2]The district attorney's motion of December 11, 1975 was entitled "Motion for Order Authorizing Confiscation and Retention of Motor Vehicle." The motion stated that the automobile had previously been confiscated and sought a court order authorizing its use for law enforcement purposes. The order of December 11, 1975 ordered the automobile retained by MINT for law enforcement use.

On November 18, 1976, defendant's newly retained counsel filed two motions seeking return of defendant's property. One motion, entitled "Motion to Set Aside Order Authorizing Confiscation and Retention of Motor Vehicle," sought return of defendant's vehicle on the grounds that there was no contraband found in the automobile and no proof that the automobile had been used for transportation of illegal drugs and further that defendant had not been given proper notice of confiscation. The second motion, entitled "Motion to Return Evidence," sought the return of all the other property, *i.e.,* the cash, stereo equipment, suitcase and knife. The basis of this motion was that the items seized were not contraband nor useful as evidence and were owned solely by the defendant. The trial court denied both motions on the following ground:

> "It seems to the Court that the defendant's belated request for the return is an afterthought and the defendant knew that the property had previously been, for good cause, confiscated. The defendant offers no excuse or cause for his untimely request for the return.

> "In view of the foregoing facts, the defendant does not present any basis for the Court to exercise its discretion in extending the 90-day statutory time period under ORS 133.633. Under these circumstances, the statutory period of time ought to be strictly observed."

The two motions filed by defendant raise different issues and are best analyzed separately.

### MOTION TO SET ASIDE CONFISCATION OF DEFENDANT'S AUTOMOBILE

The state presents three arguments to support its right to retain defendant's automobile.

■ The state's first theory to allow MINT's retention of defendant's automobile relies upon ORS 133.633. Such reliance is misplaced. ORS 133.633 is a general statute which on its face applies to "things seized." Defendant's automobile has been confiscated under ORS 167.247, 471.660 and 471.665. These statutes were

enacted by the legislature to define in what circumstances an automobile involved in a narcotics case can be confiscated. Since a more specific statutory scheme dealing with a situation controls over general legislation,[3] retention of defendant's automobile cannot be justified under ORS 133.633.

The state also claims that the confiscation of defendant's automobile was in compliance with ORS 167.247, 471.660 and 471.665, dealing with confiscation of automobiles used in the unlawful transportation of narcotics.

■ The United States Supreme Court has held that confiscation of a criminal defendant's automobile under a statutory confiscation scheme requires notice to defendant. Said notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Robinson v. Hanrahan,* 409 US 38, 40, 93 S Ct 30, 34 L Ed 2d 47 (1972).

■■ Since we construe statutes to be constitutional where such construction is possible, *State v. Pagel,* 16 Or App 412, 518 P2d 1037, *rev den, cert den* 419 US 867 (1974), we hold that notice to this defendant was required before there could be a confiscation of his automobile. No notice comporting with due process was given to defendant. The letter of October 27, 1975 did not inform defendant of the time or place of a hearing to be held. Furthermore, the letter was sent the same day that the court entered its confiscation order. Clearly, that letter was insufficient notice. The second confiscation order was entered without any notice to defendant in clear violation of the constitution. Under no theory can either order of confiscation concerning defendant's automobile be said to have

---

[3] *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 549 P2d 510 (1976); *Moore v. Brown, Burke,* 19 Or App 199, 527 P2d 132 (1974), *rev den* (1975).

been in compliance with the Fourteenth Amendment to the United States Constitution.[4]

■ If only a technical notice violation was shown we might be justified in insisting that defendant show some prejudice from the lack of notice. Here, denial to defendant of an opportunity to be present at a hearing to determine if the statutory requirements for confiscation had been met was clearly prejudicial. The state has produced no evidence to support a finding that the automobile was used for the unlawful transportation of narcotics; therefore under the very terms of the statute the state has no right to the automobile under the statute.

■■ The state next argues that the defendant waived his rights to object to the confiscation of his automobile and the taking and retention of his money because of his silence at his sentencing. The district attorney made it abundantly clear that no deal had been made and that defendant's acquiescence in the taking of his property was not a *quid pro quo* for the sentence recommendation.[5] To hold that a waiver of a

---

[4]The dissent would hold that there was no violation of due process in this case because of the letter sent to defendant and the oral statements made to his attorney indicating that the district attorney intended to confiscate the automobile. *Robinson v. Hanrahan*, 409 US 38, 93 S Ct 30, 34 L Ed 2d 47 (1972), held that sufficient notice sent to the incorrect address does not satisfy the requirements of due process. The dissent appears to take the position that insufficient notice sent to the correct address does constitute due process.

[5]At the hearing on the present motions, District Attorney Gortmaker questioned the deputy district attorney, who had been present at the time of defendant's sentencing, as follows:

"BY MR. GORTMAKER:

"Q I'm not too sure what negotiating for a plea means but did you have any questions in making a recommendation on sentence other than the extent of the crime, previous background and record of the defendant and the facts and circumstances of this case and the presentence report?

"A I did not.

"Q Did the fact that we confiscated any of his property have anything to do with your recommendation whatsoever?

"A I would say that it did not. * * * "

person's property rights took place by failing to object to statements made at sentencing seems contrary to United States Supreme Court cases dealing with waiver of constitutional rights. *See, Johnson v. Zerbst,* 304 US 458, 58 S Ct 1019, 82 L Ed 1461, 146 ALR 357 (1938).

■ Since the confiscation of defendant's automobile was not in compliance with the statute and retention of the automobile cannot be justified otherwise, defendant's motion to set aside the confiscation orders should have been granted. The agency in possession of the automobile must either return it or follow proper procedures to attempt to confiscate.

## MOTION TO RETURN THINGS SEIZED

■ Defendant's second motion sought return of the other property seized by the police at the time of his arrest. All of the property has been certified by the trial court to be of no further evidentiary value. Defendant's motion was denied on the basis of ORS 133.633 which provides:

"(1) Within 90 days after actual notice of any seizure, or at such later date as the court in its discretion may allow:

"(a) An individual from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises from which they were seized."

■ As for defendant's cash, it should be remembered that defendant filed a motion on October 23, 1975, only seven days after the seizure, seeking return of the money. The circuit court never set the motion for argument, and it has not been disposed of in any way. The state has cited no authority for the proposition that defendant's first motion cannot now be revived.[6]

---

[6]The dissent cites *Harju v. Anderson,* 111 Or 414, 225 P 1100 (1924). That case dealt with a situation in which a party, after making a motion to disqualify the judge, went through the trial proceedings before that judge and then sought to attack the results on appeal. The present situation is not analogous. Here, defendant has engaged in no conduct inconsistent with his motion.

No Marion County Circuit Court rule requires a party to do more than file a motion and show proof of service upon the opposing party. Defendant did this and should now be given an opportunity to argue the merits of the first motion.

The stereo equipment was taken by the police with no apparent justification. This activity by officers of the state cannot be justified.

■ Defendant has had a series of attorneys. Each contacted the district attorney concerning return of the stereo equipment and each was led to believe that the property would be returned. At one point an agreement for return of the stereo equipment was worked out.[7] The last contact occurred on approximately August 8, 1976, almost a year after the property had been seized. At no time did the district attorney's office assert a right to retain the property. Defendant, who has been in the Oregon State Penitentiary during the entire period, had been doing his best to enforce his rights to the property in question. To hold that there has been a waiver would be patently unfair.

■ We hold that it was error to refuse defendant's motion as to his stereo equipment on the basis of untimeliness when there had been negotiation for return of this property over a long period of time before the present motion was filed.

■ Although the state has presented no claim of right to any of the property involved in defendant's second motion, it is suggested that there has been no abuse of discretion and that therefore we must affirm the

---

[7] At the hearing on the present motions, Mr. Gortmaker, the District Attorney, during opening comments, stated," * * * The State absolutely denies, for the record, that there was ever any negotiation with Mr. Hemann or that there was ever any such understanding." Testimony of the parties involved including former employees of the district attorney's office establish conclusively that negotiations for return of the stereo equipment did in fact take place. An agreement was reached concerning return of the stereo but the district attorney refused to deliver the equipment when defendant's family arrived from California to pick it up.

[ 225 ]

decision. Although discretion is a term which the courts have never been able adequately to define, it is clear that prejudice is one important element of any discretionary decision. *See, e.g., State v. Stanley,* 30 Or App 33, 566 P2d 193, *rev den* 280 Or 1 (1977); *State v. King,* 30 Or App 223, 230, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978).

A motion under ORS 133.633 should not be denied for untimeliness unless the state makes some showing of prejudice. In this case, the only claim by the state to prejudice concerns its inability to find two witnesses who were present at the time of defendant's arrest. It was not shown how their testimony would be relevant to the issues presented by the motion for return of defendant's property. This is an insufficient showing of prejudice. Because of the earlier motion for the return of the cash, the continuing negotiations for return of the stereo and the lack of prejudice to the state from defendant's failure to act as rapidly as might be hoped, we hold that the trial judge abused his discretion in denying defendant's motion.

Defendant's motion to set aside the confiscation of his automobile should be granted. Defendant's motion for return of his property must be remanded to the trial court to determine if the statutory requirements for return of property have been met.

Reversed and remanded.

**SCHWAB, C. J.,** dissenting.

The majority incorrectly holds that the state's confiscation of the defendant's automobile must be set aside because of a violation of due process and because the trial court abused its discretion in denying the defendant's motion for return of other items seized by the police at the time of his arrest.

The facts in this case are simple. Defendant had his automobile, $4,300, stereo, suitcase and knife seized by the police at the time he was arrested for criminal

activity in drugs. The defendant's original counsel filed a motion to return his client's automobile and the $4,300 seven days after their seizure. That motion was never set for hearing. Only after 13 months had passed and after the defendant had retained new counsel did he actively pursue and move for the return of the seized property. All of this delay occurred in the face of a statutory scheme which provides:

> "Within 90 days after actual notice of any seizure, or at such later date as the court in its discretion may allow:
>
> "(a) An individual from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises from which they were seized." ORS 133.633(1) (a).

This statute provides a procedure for the recovery of personal property seized by the state. It envisages a motion by the claimant — here the defendant. The vehicle forfeiture scheme set forth in different statutes, namely, ORS 167.247, 471.660 and 471.665 gives the state a basis for permanently forfeiting to it under certain circumstances an automobile previously seized by it. The vehicle forfeiture scheme is not the source of or a limitation upon the rights and duties that the state may have under other statutes with regard to all personal property seized by it, including automobiles.

The majority opinion fails to note that the defendant's original counsel, even when informed at the time of his client's sentencing that the state intended to retain the automobile and the $4,300, did not object. As far as the stereo, suitcase and knife are concerned, the original motion for return made no mention of these items—only the motion filed 13 months after their seizure requested their return. Under these circumstances, I would hold that the defendant waived any right he had to complain of any statutory or constitutional violations that he contends occurred in connection with the retention of his property. *See Harju v. Anderson,* 111 Or 414, 417-18, 225 P 1100

[ 227 ]

(1924) ("a motion which is never called to the attention of the court is presumed to have been waived * * *").

While the results that follow from my reasoning may be harsh, I believe there is no basis for holding that the trial court abused its discretion in denying the defendant's belated motions for return. Defendant has offered no excuse for failing to proceed promptly except that his former counsel did not do so. If there was no justification for defendant's original counsel's failure to act in a timely manner in defendant's interests, that is a matter between defendant and his counsel which cannot be here resolved.

Assuming *arguendo* that the constitutional issue is properly before us, I disagree with the constitutional analysis advanced by the majority. It relies on *Robinson v. Hanrahan,* 409 US 38, 93 S Ct 30, 34 L Ed 2d 47 (1972), to hold that the defendant received "[n]o notice comporting with due process." 33 Or App at 222. *Hanrahan* involved forfeiture proceedings instituted against a vehicle owned by a defendant charged with armed robbery. While the defendant was in county jail awaiting trial, the state mailed notice of the pending forfeiture proceedings not to the jail but to the defendant's home address. After an ex parte circuit court hearing, the defendant's vehicle was ordered forfeited. The Supreme Court stated that

"* * * the State knew that [defendant] was not at the address to which the notice was mailed and, moreover, knew also that [he] could not get to that address since he was at that very time confined in the [county] jail. * * *" 409 US at 40.

Under these circumstances, the court held that the state made no effort to provide notice which was reasonably calculated to apprise defendant of the pendency of the forfeiture proceedings and therefore set aside the forfeiture on due process grounds.

*Hanrahan* does not require that the forfeiture that occurred in this case be set aside. The facts, as stated by the majority, indicate that the defendant had

actual notice of the pending forfeiture through at least two means: (1) by the letter of October 27, 1975, mailed to the defendant's home address while he was not in police custody—a letter that the defendant does not contend he never received; and (2) by the oral statements of the district attorney made to defendant's counsel during plea negotiations. Here, unlike in *Hanrahan,* the state did make efforts to provide notice of the pending forfeiture to the defendant and it is undisputed that the defendant had received such notice. He simply failed, through his counsel, to take any action to avoid the forfeiture until 13 months after receipt of the notice. The majority's perfunctory analysis of *Hanrahan* has led it to equate the defendant's failure to act with a constitutional deficiency in the statutory forfeiture scheme.

For the foregoing reasons, I respectfully dissent.

Thornton and Tanzer, JJ., join in this dissenting opinion.