On respondent's petition for reconsideration filed March 24, former opinion adhered to and reconsideration denied May 30, petition for review denied September 8, 1978

See 33 Or App 217, 576 P2d 377 for former opinion

STATE OF OREGON, *Respondent,*

*v.*

RICHARD MICHAEL GLASCOCK, *Appellant.*

(No. 92677, CA 8436)

579 P2d 869

[ 659 ]

Gary D. Gortmaker, District Attorney, Salem, for petition.

No appearance contra.

ROBERTS, J.

**ROBERTS, J.**

The State has filed a petition for reconsideration in this case. One point relied upon by the State is:

> "The defendant failed to inform the court of relevant facts about a defense exhibit extracted from a different, closed circuit court file never ruled on by the Court."

This point is in reference to defendant's motion for return of his automobile and cash filed with the Marion County Circuit Court on October 23, 1975.

Defendant was indicted on four separate counts stemming from his arrest on October 16, 1975. Each of these counts was given its own call number, running from number 92674 through 92677. On October 23, 1975, all files were open and active. On that date, defendant's motion was filed. Defendant's motion was filed only under the leading case number 92674. In the body of the motion, reference was made to all four case numbers. When defendant changed his plea to guilty he was sentenced on the case numbered 92677. It is clear that at this point the other files were still before the court.

To penalize defendant because he failed to file the motion in all four files, and because the file he chose to make his motion in was not that under which he was sentenced, would be unreasonable.

The motion in this case was clearly applicable to all the cases and was filed in the case with the leading case number. The defendant should not be penalized because the district attorney allowed one file to be closed before all relevant matter in that file had been resolved.

The petition for reconsideration could be taken to suggest that defendant's motion was not before the judge who denied the motions, which are the subject of this appeal. Such suggestion is not correct. The motion was before the judge in this proceeding as part of defendant's Exhibit "C", which was admitted into evidence. Furthermore, a copy of the motion was

[ 661 ]

before the judge as part of the state's memorandum in support of its position. To argue that the motion in this case was incorrectly filed, or was not before the trial judge at the proper time, is nothing but sophistry.

Reconsideration denied.

**SCHWAB, C. J.,** concurring.

I join the majority's opinion denying reconsideration in this court. However, I adhere to the views expressed in my original dissent in this case.

Thornton and Tanzer, JJ., join in this concurring opinion.