Argued and submitted December 21, 1979,
resubmitted in banc April 9,
reversed and remanded April 14,
appellant's and respondent's reconsiderations denied May 29,
appellant's and respondent's petitions for review
allowed September 3, 1980
See later issue Oregon Reports

STATE OF OREGON,
*Respondent,*

*v.*

SCOTT HUNTER CURRAN,
*Appellant.*

(No. 78-11-122, CA 14335)

609 P2d 427

Howard R. Lonergan, Portland, argued the cause for appellant. With him on the brief were Clint A. Lonergan and Richard L. Lonergan, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

JOSEPH, J.

**JOSEPH, J.**

This is an appeal from an order forfeiting a motor vehicle. The forfeiture was ordered upon motion, affidavit and citation, following defendant's conviction after jury trial for possession of a controlled substance, namely, cocaine ORS 475.992(4).

Defendant's assignment of error has two parts: that his vehicle was forfeited without authorized procedure and that he was entitled to a jury trial on the issue of transportation of a controlled substance in the vehicle.

Following defendant's conviction, the district attorney filed a motion and affidavit for the forfeiture and caused a citation to be served on defendant requiring him to appear and show cause why the vehicle used in transporting the contraband drug should not be forfeited to the state pursuant to ORS 167.247.

The statute, in pertinent part, provides as follows:

"(2) Any boat, vehicle or other conveyance used by or with the knowledge of the owner, operator or person in charge thereof for the unlawful transportation or concealment of controlled substances shall be forfeited to the state in the same manner and with like effect as provided in ORS 471.660 and 471.665 [unlawful transportation of intoxicating liquor]." ORS 167.247(2).

By letter opinion the trial court stated:

"Defendant takes the position that the defendant is entitled to a jury trial probably involving two issues; first, as to whether or not he is the owner of the car and secondly, was it used for 'transportation' in connection with the crime for which the defendant was indicted, tried and found guilty.

"* * * * *

"In my opinion I have no discretion at this state *[sic]* of the proceedings because ORS 471.660(8) requires the forfeiture. Therefore, the 1962 Ford Van, Oregon license 6P-5072, VIN E14TH243103 is forfeited to the State of Oregon to be delivered to the West Linn Police Department to be used for official purposes."

First, defendant's contention that the forfeiture was void because the procedure was not provided for in the Code of Criminal Procedure cannot be sustained. The legislature, in ORS 167.247, 471.660, and 471.665, has provided a procedure for forfeiture of a conveyance in which drugs have been unlawfully transported or concealed. Appellant has given us no reason why the procedure need be spelled out in the Code of Criminal Procedure, and we perceive none.

In *State v. 1920 Studebaker Touring Car,* 120 Or 254, 251 P 701 (1927), the Supreme Court held a prior version of ORS 167.247 involving intoxicating liquor unconstitutional for failure to provide the vehicle owner with a jury trial. The rationale of the *Studebaker* decision is found in the following language:

> "If, under the provisions of this act, the property which was made the subject of forfeiture had consisted of intoxicating liquor, gambling devices, or anything which in its nature is injurious to the public welfare, or if the act had required, as a condition of the forfeiture, the conviction of the offending person, the question would be different, but where as here, the lawful property of an innocent person may be forfeited to the state without the previous conviction of anyone, and without the opportunity of a jury trial at any stage of the proceedings, we think the act in so far as it provides that the forfeiture shall be tried by the court without the intervention of a jury is unconstitutional and void, because denying a trial by jury as guaranteed by the state Constitution. ***" 120 Or at 271.

When defendant was arrested he and cocaine were both in the vehicle. Some of the cocaine was concealed in a bag. This was all in evidence in the trial to prove defendant's possession. Defendant does not contend otherwise. Nor does he claim he was not both owner and operator. Rather, he contended simply that he was entitled to a jury trial on the issue of transporting, which was the basis of the claim for forfeiture.

*Studebaker* supports a right to a jury trial for the vehicle forfeiture. While defendant was afforded notice and an opportunity to be heard in the forfeiture proceeding, and thereby received all necessary due process of law (*See Robinson v. Hanrahan,* 409 US 38, 93 S Ct 30, 34 L Ed 2d 47 (1972); *State v. Glascock,* 33 Or App 217, 222-31, 576 P2d 377 (1978), the present form of the statute is still within the strictures of *Studebaker* relating to the right to trial by jury under Article I, section 17 of the Oregon Constitution.[1] The vehicle is, of course, not "injurious to the public welfare" (*see Smith v. One Super Wild Cat,* 10 Or App 587, 500 P2d 498 (1972)), nor is conviction of an offense arising out of the transportation or concealment made a condition of the forfeiture by ORS 167.247, ORS 471.660 or 471.665. While this proceeding was ancillary to the prosecution of defendant, the issue of transportation was not part of that prosecution. Defendant was entitled to a jury trial.

Reversed and remanded.

**THORNTON, J.,** dissenting.

The majority concludes that even though defendant was afforded a jury trial on the underlying criminal charge, nevertheless he is entitled to a second jury trial before the forfeiture can be ordered, relying chiefly on *State v. 1920 Studebaker Touring Car,* 120 Or 254, 251 P 701, 50 ALR 81 (1927).

I cannot agree. Furthermore, a close reading of *Studebaker* will demonstrate that *Studebaker* is authority for exactly the opposite conclusion.

Contrary to the majority, there is no requirement in the law or elsewhere that a person who has been convicted after jury trial of possessing a contraband substance (which occurred in a motor vehicle) is entitled to a second jury trial on the issue of whether

---

[1] "In all civil cases the right of Trial by Jury shall remain inviolate."

he was transporting the substance and whether he owns the automobile, before the vehicle can be forfeited under ORS 167.247. All that the above statute requires and all that defendant is entitled to under ORS 471.660 and 471.665 is notice and hearing before the vehicle is ordered forfeited. This was done in this case.

The majority relies on *State v. 1920 Studebaker Touring Car, supra,* as authority for its position. There our Supreme Court held a prior version of ORS 167.247 involving intoxicating liquor unconstitutional for failure to provide the vehicle owner with a jury trial. The court also said that the statute was defective on account of its failure to provide the offending person with a jury trial on the underlying charge prior to forfeiture. It should also be pointed out that the facts in *Studebaker* were substantially different from the case at bar. The facts as set forth in that decision were as follows:

> "There was evidence tending to show, that prior to the seizure of the car, the husband of appellant, while engaged in driving the car, but not in her presence, had carried on his person a bottle of intoxicating liquor, for which he had been arrested and bound over to await the action of the grand jury; that the grand jury had refused to indict him for said offense, and had returned a not true bill, and that appellant had no knowledge of the alleged unlawful act of her husband." 120 Or at 255-56.

Following that decision the statute was amended. As amended, this statute expressly provides that no forfeiture may be ordered until the operator of the vehicle has been convicted of the crimes specified in the statute. ORS 471.660, 471.665(1). It also provides that no forfeiture may be ordered unless the vehicle is used by or with the knowledge of the owner in transporting the offending substance. *Ibid.*

The rationale of the *Studebaker* decision is found in the following language:

> "If, under the provisions of this act, the property

which was made the subject of forfeiture had consisted of intoxicating liquor, gambling devices, or anything which in its nature is injurious to the public welfare, or if the act had required, as a condition of the forfeiture, the conviction of the offending person, the question would be different, but where as here, the lawful property of an innocent person may be forfeited to the state without the previous conviction of anyone, and without the opportunity of a jury trial at any stage of the proceedings, we think the act insofar as it provides that the forfeiture shall be tried by the court without the intervention of a jury is unconstitutional and void, because denying a trial by jury as guaranteed by the state Constitution. * * *" 120 Or at 271.

The error of the majority's position is plainly shown by the following quotation from *Studebaker:*

" * * * Nor is the question one which would arise had this statute, like the national Prohibition Act, provided that upon conviction of the offending person forfeiture of the property used in the commission of the offense would follow as a matter of law, reserving only to the owner or claimant of the property so used, *the right to be heard upon the question of whether as against him, because of his negligence or other wrongful act, or otherwise, good cause does or does not exist for enforcing the forfeiture.* "(Emphasis supplied.) 120 Or at 259.

Defendant was arrested while transporting the cocaine in the vehicle as required by ORS 471.660. This fact was proved as a part of the trial on the charge of possession. Defendant does not contend otherwise on appeal. Rather, he seems to be contending that he was entitled to a jury trial on the issue of transporting as a part of the forfeiture proceeding. Nothing in the statute requires that there be a separate trial and conviction on the issue of transportation. So long as defendant is afforded a jury trial on the underlying criminal charge, there is no right to a second jury trial in connection with the vehicle forfeiture. As to the forfeiture proceeding itself, so long as defendant is afforded notice and an opportunity to be heard in the

forfeiture proceeding, he has received all necessary due process of law. *See Robinson v. Hanrahan,* 409 US 38, 93 S Ct 30, 34 L Ed 2d 47 (1972); *State v. Glascock,* 33 Or App 217, 222-31, 576 P2d 377, 34 Or App 659, 579 P2d 869, *rev den* 283 Or 235 (1978).

For the above reasons I respectfully dissent. Campbell, J., joins in this dissenting opinion.