Submitted on record and briefs May 29, on respondent's
motion to dismiss filed April 24, appeal dismissed October 12, 1981

## STATE OF OREGON,
### *Respondent,*
*v.*
## JACK RAVEN RICHEY,
### *Appellant.*
### (No. 78-5466-C, CA 19453)
634 P2d 487

Joel B. Reeder, Medford, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from a post judgment order of the district court denying his motion pursuant to ORS 133.633[1] for return of seized alcoholic liquor.

The essential facts are: Two OLCC agents observed defendant and another person purchase twenty nine bottles of alcoholic liquor in California and then transport the liquor into Oregon. Defendant was charged in district court with unlawful importation of alcoholic liquor in violation of ORS 471.405(2).[2] Defendant filed a motion to suppress the evidence because of an unlawful search and seizure of the liquor from the trunk of his automobile without a search warrant. The court allowed defendant's motion to suppress, and the complaint was dismissed. Thereafter defendant filed the present motion for return of the seized liquor. The district court denied the motion, but ordered that one quart of such liquor be returned to defendant, that being the quantity defendant was lawfully entitled to possess. On appeal, defendant contends that because he was not convicted of any crime concerning the liquor seized by the OLCC officers, there can be no forfeiture of the liquor

---

[1] ORS 133.633 provides:

"(1) Within 90 days after actual notice of any seizure, or at such later date as the court in its discretion may allow:

"(a) An individual from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises from which they were seized.

"(b) Any other person asserting a claim to rightful possession of the things seized may move the appropriate court to restore the things seized to the movant.

"(2) The appropriate court to consider such motion is:

"(a) The court having ultimate trial jurisdiction over any crime charged in connection with the seizure; or

"(b) If no crime is charged in connection with the seizure, the court to which the warrant was returned; or

"(c) If the seizure was not made under a warrant and no crime is charged in connection with the seizure, any court having authority to issue search warrants in the county in which the seizure was made."

[2] ORS 471.405(2) provides:

"No person shall purchase, possess, transport or import, except for sacramental purposes, alcoholic liquor unless it is procured from or through the commission, except as provided otherwise in the Liquor Control Act."

under ORS 471.405(5).[3] The state moved to dismiss the appeal on the ground that the order denying defendant's motion is not appealable and, even if it is, the evidence was contraband and need not be returned to defendant.

■■ Contrary to the state's position, this case could be appealable under ORS 133.653(2), which states:

"An order granting a motion for return or restoration of things seized shall be reviewable on appeal in regular course. An order denying such a motion or entered under ORS 133.663 shall be reviewable on appeal upon certification by the court having custody of the things in question that they are no longer needed for evidentiary purposes."

*See also State v. Glascock,* 33 Or App 217, 576 P2d 377, *rev den* (1978). However, we have examined the record and can find no certification as required by the above quoted provision. In the absence of such certification we have no jurisdiction. *State v. Shaw,* 27 Or App 511, 556 P2d 717 (1976). Accordingly we dismiss this appeal.[4]

Appeal dismissed.

---

[3] ORS 471.405(5) provides:

"Upon conviction for unlawfully purchasing or importing into this state wine containing over 21 percent of alcohol by volume or any other alcoholic liquor containing over eight percent of alcohol by volume from any source except from or through the commission, or for unlawfully purchasing or importing into this state any wine containing 21 percent or less of alcohol by volume or any other alcoholic liquor containing eight percent or less of alcohol by volume from any source except from or through the commission or its duly authorized licensees, the person convicted shall forfeit to the commission the alcoholic liquor so purchased or imported. The commission shall thereupon seize the forfeited liquor and it shall then become the commission's property."

[4] As pointed out in *State v. Shaw,* 27 Or App 511, 514 n 1, 556 P2d 717 (1976):

"The dismissal of this appeal is not a holding precluding defendant from pursuing any available civil remedies. Neither does it preclude him from seeking the certification necessary for an appeal pursuant to ORS 133.653(2)."