## STATE OF OREGON,
*Respondent,*

*v.*

## RICKY SCOTT FITZGERALD,
*Appellant.*

(87-2141-C-1; CA A48174)

777 P2d 1008

Doug S. Gard, Medford, argued the cause for appellant. On the brief was Thad M. Guyer, Medford.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from an order denying his motion for the return of his vehicle that was seized at the time of his arrest for possession of a controlled substance. Because the trial court was right, albeit for the wrong reason, we affirm.[1]

The parties stipulated to the facts in the police report. While patrolling the Jackson County Fairgrounds, the officers saw defendant's car and five men in the north parking lot. Both of the car's doors were open, with defendant standing near the driver's door and the other men standing near the passenger door, between defendant's car and another car. As the officers approached, defendant joined the others near the passenger door. The officers asked the men what they were doing. At the same time, one of the officers looked through the open passenger door of defendant's car and saw, lying on the floorboard, a mirror with a line of white substance on it. Defendant told the officers that the substance was his and that it was cocaine. The officers arrested defendant for possession of a controlled substance and seized his car, pursuant to ORS 167.247.[2] Defendant was subsequently indicted for possession of a controlled substance. ORS 475.992(4).

Before trial, defendant moved for the return of his car pursuant to ORS 471.660[3] on the ground that it was "not used

---

[1] This appeal deals solely with the ancillary matter of the return of defendant's car, not the underlying offense of possession of a controlled substance.

[2] ORS 167.247 provides, in part:

"(1) A district attorney or peace officer charged with the enforcement of ORS 167.212 and 167.222, having personal knowledge or reasonable information that controlled substances are being unlawfully transported or possessed in any * * * vehicle * * * may search the same without warrant and without an affidavit being filed. If controlled substances are found in or upon such conveyance, the * * * officer may seize them, arrest any person in charge of the conveyance and * * * take the arrested person and the seized controlled substances before any court in the county in which the seizure is made. The district attorney or peace officer shall also, without delay, make and file a complaint for any crime justified by the evidence obtained.

"(2) Any * * * vehicle * * * used by or with the knowledge of the owner, operator or person in charge thereof for the unlawful transportation or concealment of controlled substances shall be forfeited to the state in the same manner and with like effect as provided in ORS 471.660 and 471.665."

[3] ORS 471.660 provides, in pertinent part:

"(3) If the person arrested is the owner of the vehicle or conveyance seized, it shall be returned to the owner upon execution by the owner of a good and valid

in the unlawful transportation or concealment of a controlled substance." At the hearing on that motion, the trial court decided that the issue of forfeiture was not properly before it, because defendant had not been convicted of the underlying offense of possession of a controlled substance. Consequently, it did not rule on the motion.

Defendant then pled guilty to possession of cocaine. He was put on probation for two years with further proceedings deferred under ORS 475.245. That statute provides that a first-time offender under ORS 475.992(4), who fulfills the conditions of his probation, will be discharged and that the proceedings brought against him will be dismissed. It provides further:

"Discharge and dismissal under this section shall be without further adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime."

Defendant thereupon filed a second motion for the return of his vehicle, again asserting that it was improperly

---

bond, with sufficient sureties in a sum double the value of the property, approved by the court and conditioned to return the property to the custody of the sheriff at the time to be specified by the court.

"(4) If the person arrested is not the owner of the vehicle * * * seized, the sheriff shall make reasonable effort to determine * * * the owner. If the sheriff is able to determine * * * the owner, the sheriff shall immediately notify the owner * * * of the seizure and of the owner's rights and duties under this section and ORS 471.665.

"(5) A person notified under subsection (4) of this section, or any other person asserting a claim to rightful possession of the vehicle or conveyance seized, except the defendant, may move the court having ultimate trial jurisdiction over any crime charged in connection with the seizure to return the vehicle or conveyance to the movant.

"(6) The movant shall serve a copy of the motion upon the district attorney of the county in which the vehicle or conveyance is in custody. The court shall order the vehicle or conveyance returned to the movant, unless the court is satisfied by clear and convincing evidence that the movant knowingly consented to the unlawful use that resulted in the seizure. If the court does not order the return of the vehicle or conveyance, the movant shall obtain the return only as provided in subsection (3) of this section.

"* * * * *

"(8) If the court does not order the return of the vehicle or conveyance under subsection (6) of this section, and the arrested person is convicted for any offense in connection with the seizure, the vehicle or conveyance shall be subject to forfeiture as provided in ORS 471.665."

seized pursuant to ORS 167.247. However, this time defendant relied on ORS 133.633 and ORS 133.643. The trial court entered an order denying the motion.[4] It is from that order that defendant appeals. He assigns as error the trial court's conclusion that the car was subject to forfeiture as a matter of law because a controlled substance was "concealed within the vehicle" within the meaning of the forfeiture statute.

Defendant poses the issue this way:

"Was the vehicle seized * * * being used for the concealment of a controlled substance and subject to forfeiture under * * * ORS 167.247 so that the denial of defendant's motion for the return of property made pursuant to ORS 133.633 and 133.643 was proper?"

That would have been the issue *if* ORS 133.633 and ORS 133.643 apply. However, defendant's reliance on those statutes is misplaced.

"ORS 133.633 is a general statute which on its face applies to 'things seized.' Defendant's automobile has been confiscated under ORS 167.247, 471.660 and 471.665. These statutes were enacted by the legislature to define in what circumstances an automobile involved in a narcotics case can be confiscated. Since a more specific statutory scheme dealing with a situation controls over general legislation, retention of defendant's automobile cannot be justified under ORS 133.633." *State v. Glascock,* 33 Or App 217, 221, 576 P2d 377 (1978) (footnote omitted).

Because defendant's motion falls under the procedural framework of ORS 471.660 for obtaining the return of a vehicle seized in a controlled substance case and not under ORS 133.633 and ORS 133.643, the trial court's determination that

---

[4] ORS 133.643 provides, in pertinent part:

"A motion for the return or restoration of things seized shall be based on the ground that the movant has a valid claim to rightful possession thereof, because:

"* * * * *

"(4) Although the things seized were subject to seizure under ORS 133.525 and 133.703, the movant is or will be entitled to their return or restoration upon the court's determination that they are no longer needed for evidentiary purposes * * *."

On that statutory basis, the trial judge concluded that, because the car was used to conceal a controlled substance, it would be subject to forfeiture under ORS 167.247 and, thus, that defendant was not entitled to its return.

the car was subject to forfeiture was unnecessary and premature.

Before there can be a forfeiture, the person arrested must be convicted on the underlying charge. ORS 471.665; *State v. Curran,* 291 Or 119, 131, 628 P2d 1198 (1981). Although defendant pled guilty to possession of a controlled substance, no judgment of conviction has been entered against him. ORS 471.660 provides that, when the defendant is the owner of the vehicle seized—which is the case here—the only way that he can obtain its return pending conviction, acquittal or dismissal is by posting a bond for twice its value. ORS 471.660(3). Defendant has failed to do so. Because ORS 471.660 required the trial judge to deny defendant's motion for the return of his car for failure to post a bond, we affirm.

Affirmed.