Joseph A. Cox, S.
The petition in this proceeding for settlement of the account of the executor requests a construction of the testator’s will to determine whether the references therein to nephews of the testator were intended by him to include his blood nephews only or are to be interpreted as including a deceased stepson of one of the testator’s brothers. If the latter construction is given the will, the stepson’s widow and issue have interests in the estate but such construction is not urged by or on behalf of any of such persons. There is nothing in the text of the will that is indicative of an intention that the word nephew be given any connotation beyond its primary and customary significance as descriptive of a blood relative. The proof offered as to the circumstances existing at the making of the will and the attitude of the testator toward his brother’s stepson does not justify a conclusion that the latter person was regarded by the testator as within the class described in the will.
A further determination is sought as to whether certain oil and gas royalties are to be treated as income pursuant to a testamentary intention, based to a large extent upon an explicit direction contained in the will, or such royalties are to be allocated between the income interests and the principal interests in the estate. The pertinent text of the will is quite analogous to the testamentary direction considered in Matter of Flick (N. Y. L. J, Feb. 15, 1945, p. 611, col. 5) and in that case, as here, the royalty interests were small in comparison with the entire estate. The latter fact is one of the several elements which bring the issue not only within the Flick decision but also within the rulings made in Matter of Hopkins (171 Misc. 910) and Matter of Bruen (83 N. Y. S. 2d 197). In the circumstances it is held that the testator intended the royalties to be. treated as income in the same manner as cash dividends without apportionment of any part thereof to principal.
Submit decree on notice.