Argued October 26, affirmed November 12, 1964

IN THE MATTER OF THE ESTATE OF
MARTHA E. TERNEY, DECEASED
TERNEY *v.* BELTON, STATE TREASURER
396 P. 2d 557

*Harold A. Fabre,* Pendleton, argued the cause for
appellant. On the brief were Fabre & Collins.

*Oliver I. Norville,* Special Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

LUSK, J.

Roy V. Terney, individually and as executor under the last will and testament of Martha E. Terney, deceased, appeals from an order of the circuit court redetermining inheritance tax.

Roy's father was the brother of Martha E. Terney's husband. Roy is a beneficiary under the will of the deceased and claims to be her nephew and thus entitled to a lower rate of taxation on his inheritance than would be the case if he did not enjoy that relationship.

ORS 118.100 (1) sets forth graduated rates of tax on all estates and provides that the tax on the estate "shall be in full for all inheritance tax on any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any grandparent, parent, spouse, child or stepchild or any lineal descendant of the deceased."

Subsection "(2)" of that section reads:

"When any inheritance, devise, bequest, legacy, gift or the beneficial interest to any property or income therefrom shall pass to or for the use or benefit of any brother, sister, uncle, aunt, niece, nephew or any lineal descendant of the same, or to a son-in-law or daughter-in-law, in every such case,

in addition to the tax levied on such estate, such person shall pay an inheritance tax as follows:

[Setting forth the rates of tax]."

Subsection "(3)" provides:

"In all other cases, in addition to the tax levied on such estate, such person, body politic or corporate shall pay an inheritance tax as follows:

[Setting forth rates of tax higher than those applicable to persons listed in subsection (2)]."

■ The question is whether the word "nephew" in subsection (2) includes the son of a brother-in-law of the deceased. The circuit court held that it does not, and we agree.

■ As stated in Black's Law Dictionary (4th ed): "In legal usage only children of brothers and sisters are called 'nephews' and 'nieces,' children of husband's or wife's brothers and sisters being so called only by courtesy." See, also, *Caldwell v. Tax Commission,* 52 Ohio App 124, 129, 3 NE2d 543; *Schoen v. Siegmund,* 119 NJ Eq 524, 529, 183 A 292; *In re Goetzinger's Estate,* 176 NYS 2d 899, 900, 12 Misc 2d 197; *Green's Appeal—Satterthwaite's Appeal,* 42 Pa (6 Wright) 25, 30; 4 Bowe-Parker: Page on Wills 459, § 34.27; 95 CJS 989, Wills § 667; 57 Am Jur 925, Wills § 1390. It is only "loosely" that the son of a brother-in-law or sister-in-law is called a nephew: Webster's New International Dictionary (2d ed). The presumption is that the legislature used the word not loosely, but in accordance with its accepted legal meaning: *Vaughn v. Langmack,* 236 Or 542, 548, 390 P2d 142; *Reed et al v. Reed, Exec. et al,* 215 Or 91, 96, 332 P2d 1049.

The executor says that the word "nephew" in the section is redundant if it refers only to nephews by

consanguinity, since they are included in lineal descendants of a brother or a sister. Therefore, it is argued, the purpose in mentioning nephews was to include the son of a sister-in-law or a brother-in-law. The argument cannot prevail against the manifest intention of the legislature to give the benefit of the lower tax only to collateral relatives of the blood, with the single exception of sons-in-law or daughters-in-law. As to the latter, it is to be observed that the provision does not apply to their lineal descendants. If, however, the executor's position were to be sustained, we would have the singular result that the legislature has extended the benefit of subsection (2) to the lineal descendants of a brother-in-law or a sister-in-law, who are not even mentioned, while withholding it from the lineal descendants of a daughter-in-law or son-in-law who are specifically mentioned.

■ Much is said in the briefs about the canons of construction, whether the section in question is to be viewed as the imposition of a tax or an exemption, and whether there should be a liberal construction of the statute in favor of the taxpayer. The overriding rule, of course, is that it is the duty of the court to ascertain the intention of the legislature. To our mind, the intention to include in the provisions of subsection (2) only nephews of the blood so clearly and unambiguously appears from the words of the statute itself that it is unnecessary to discuss these matters.

The order of the circuit court is affirmed.