Submitted on briefs November 29, 1973, affirmed January 4, 1974

PIO, *Appellant, v.* ADCCO, INC. ET AL,
*Defendants,* LOVE'S ENTERPRISES, INC. ET AL,
*Respondents.*

517 P2d 1189

Paul T. Bailey, and Bailey, Doblie, Ceniceros &
Bruun, Portland, for appellant.

Stanley E. Martinson, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland, for respondents.

IN THE SUPREME COURT OF THE STATE OF OREGON

PIO, *Appellant, v.* KENT, *Respondent.*

*Joseph F. Ceniceros,* Portland, argued the cause for appellant. With him on the brief were Bailey, Doblie, Ceniceros & Bruun, Portland.

*Gerald A. Martin,* Bend, argued the cause for respondent. With him on the brief were Gray, Fancher, Holmes & Hurley, Bend.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

BRYSON, J.

Consolidated in this opinion are two appeals by plaintiff Pio from adverse judgments by separate courts in separate actions to foreclose liens on real property under ORS 87.855 *et seq.* The result in each case turns on the construction placed on ORS 87.855 (1), which provides:

"(1) Every employer who is required to pay contributions, by agreement or otherwise, into a

---

These cases consolidated in this court for opinion.

fund of any employe benefit plan in order that his employe may participate therein, shall pay such contributions in the required amounts and at the stipulated time or each *employe* affected thereby *shall have a lien on the earnings and on all property used in the operation of the employer's business* to the extent of the moneys plus any penalties due to be paid by or on his behalf in order to qualify him for participation therein, and for any moneys expended or obligations incurred for medical, hospital or other expenses to which he would have been entitled had such required contributions been paid." (Emphasis supplied.)

Plaintiff Pio is the representative of five employee benefit trust funds. In each of these factually similar cases a contractor had signed a labor agreement in which he had agreed to pay certain amounts to these trust funds on behalf of his employes. The contractor had hired eligible employes but failed to pay the agreed trust fund contributions. Plaintiff filed a lien for the amount of the contribution under ORS 87.855 *et seq* on behalf of the employes against the real property where the employes had performed their work; he joined the contractors and the owners of the property[1] in his suits to foreclose the liens. In each case, the owners of the property successfully demurred to the complaint, and on plaintiff's refusal to plead further, judgments were entered for the defendant owners.

Plaintiff contends that the trial courts erred in sustaining defendants' demurrer "because the lien for contributions to Employe Benefit Plan authorized by

---

[1] In Pio v. Adcco, Inc., et al, the lessee and mortgagees were also joined as parties defendant. These parties will be treated for purposes of this opinion as owners of the real property. In both cases plaintiff Pio served the owners of the property, but did not serve the contractors.

ORS 87.855 *et seq* attaches to the real property on which the employes for whom contributions are due performed labor." The issue posed by this assignment of error is whether real property in which an employer has no ownership interest can constitute "property used in the operation of the employer's business" under ORS 87.855 (1).

■ Statutes are to be construed so as to carry out the intent of the legislature. *Terney v. Belton,* 239 Or 101, 396 P2d 557 (1964).

■ All parties agree that "the legislative history of ORS 87.855 sheds little light on the matter," and the plaintiff states, "[t]he situation involved in this appeal apparently was not considered by the [legislature] Committee." The president of the AFL-CIO testified before the legislative committee that the bill was necessary because small employers often fail to make the contributions and when their employes were injured, the employes had no coverage under the Health and Welfare Insurance policy. Since the language of this statute does not manifest the legislative intent on the issue under consideration, the court may properly determine that intent by considering the subject matter of the statute, the necessity for the law, and the mischief sought to be remedied. *See Peters et al v. McKay et al,* 195 Or 412, 439-40, 238 P2d 225, 246 P2d 585 (1952) (rehearing denied).

Plaintiff suggests that the benefit plan lien was designed to relieve the employe of the necessity of filing his claim for benefit plan contributions within the "stringent time requirements" of the mechanic's lien statute. According to plaintiff, the period for filing a mechanic's lien can expire before the employe

ascertains the exact amount of the benefit plan contributions to which he is entitled.

In *Mathis v. Thunderbird Village, Inc.*, 236 Or 425, 432, 389 P2d 343 (1964), a suit by an original contractor to foreclose a lien against the owner's property, we held, "that payroll taxes and insurance are includable in the amount of the lien for 'labor.'" If the legislature desired simply to extend the period for filing mechanic liens for employe benefit plan contributions we believe that it would have amended the mechanic lien statutes rather than adopt the independent lien statute for contributions to employe benefit plans, ORS 87.855 *et seq.* ORS 87.860 provides:

"(1) The lien claimant under subsection (1) of ORS 87.855, or his representative, or the trustees of the employe benefit plan fund on the claimant's behalf, within 60 days after such payment becomes due shall file for record with the recording officer of the county wherein the claimant is or was employed by such employer a notice of claim, containing a statement of the demand, the name of the employer and the name of the person employing the claimant, if known, with a statement of the pertinent terms and conditions of the employe benefit plan and the time when such contributions are due and were to have been paid, and shall deliver in person or mail by registered mail to the employer a copy thereof within such time.

"(2) The recording officer shall, upon presentation to him of the notice described in subsection (1) of this section, file it in his office and index it in a book to be kept by him for that purpose called 'Index of Employe Benefit Plan Liens.'"

No provision is made for giving notice to an owner of property when a lien is filed and it is not required that the lien be filed in the county where the real property is situated or that the real property be described in

the lien notice. Under plaintiff's contention, it is arguable that all property upon which the plaintiff's employer performed work would be subject to benefit plan lien claims, regardless of the ownership of the property. This could include property belonging to the claimant's fellow employes, such as their personal tools, and the equipment of those parties or subcontractors who furnished services to the employer or his agents. It is unreasonable to believe that the legislature intended an interpretation of ORS 87.855 *et seq* as here contended by the plaintiff. Prior to the enactment of ORS 87.855 *et seq* the employee or laborer had no authority to file lien claims against the property of his employer. We believe that the benefit plan lien was designed to fill this gap and to provide the workman with direct recourse against the business assets of the employer, the party who expressly promised to contribute to the benefit plan fund.

■ Accordingly, we construe ORS 87.855 *et seq* to mean the benefit plan lien extends only to an employer's earnings or property owned by him which is used in the operation of his business and not to real property in which an employer has no ownership. Since plaintiff Pio had no right to proceed under ORS 87.855 (1) against these defendant property owners, the demurrers in each case were properly sustained.

Affirmed.