Argued April 29, affirmed June 1, reconsideration denied July 13,
petition for review denied September 27, 1977

SPAGHT et ux, *Appellants,*

*v.*

STATE ex rel DEPARTMENT OF TRANSPORTA-
TION, *Respondent.*

(No. 76-260, CA 7136)

564 P2d 1092

Douglas J. Richmond, Coos Bay, argued the cause for appellants. On the briefs was Gary D. Rossi, Coos Bay.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

PER CURIAM.

**PER CURIAM.**

Prior to August 20, 1957, plaintiffs, through their predecessors in title, had constructed an approach road on the right-of-way of State Highway 24 leading to property they owned. This approach road provided the sole access to the property which was used as a farm. In 1972 plaintiffs changed the use of the property and began development of a racetrack complex.

The issue in this declaratory judgment proceeding is whether plaintiffs are required to obtain written consent from the defendant Department of Transportation before making alterations to the approach road.

We agree with the trial judge's holding that plaintiffs are required by ORS 374.305 to obtain written consent from the defendant before altering the approach road, and to comply with the conditions of that consent. ORS 374.305(1), as amended by Oregon Laws 1957, ch 323, § 1, p 433, read:

> "No person, firm or corporation may place, build or construct on the right of way of any state highway or county road, any approach road, structure, pipeline, ditch, cable or wire, or any other facility, thing or appurtenance without first obtaining written permission from the State Highway Commission with respect to state highways or the county court or board of county commissioners with respect to county roads."

In 1967 it was amended by Oregon Laws 1967, ch 497, § 1, p 1187, to read:

> "No person, firm or corporation may place, build or construct on the right of way of any state highway or county road, any approach road, structure, pipeline, ditch, cable or wire, or any other facility, thing or appurtenance, *or substantially alter any such facility, thing or appurtenance or change the manner of using any such approach road* without first obtaining written permission from the State Highway Commission with respect to state highways or the county court or board of county commissioners with respect to county roads." (Emphasis supplied.)

[ 683 ]

Also in 1967 ORS 374.330 was amended by adding subsection (2)(a):

"Nothing in ORS 374.305 or 374.310 as such sections are amended by Chapter 497, Oregon Laws 1967 [§ 3, p 1189], shall be deemed to affect any approach road, structure, pipeline, ditch, cable or wire, or other facility, thing or appurtenance lawfully placed or constructed upon the right of way of any state highway or county road prior to September 13, 1967."

The thrust of plaintiffs' argument is that ORS 374.330(2)(a) exempts plaintiffs' approach road from the requirement of ORS 374.305 that state consent be obtained prior to substantial alteration of or change in the manner of plaintiffs' use of the approach road. We agree with the contrary reasoning contained in the defendant's brief, from which we borrow:

"Plaintiffs' position is that since they could have unconditionally altered their existing approach road prior to September 13, 1967, they are not required to obtain the Division's permission to make substantial alterations subsequent to that enactment. Plaintiffs place their reliance upon the provisions of ORS 374.330(2) which states that the amendments shall not 'be deemed to affect any approach road, structure, pipeline, ditch, cable or wire or other facility, thing or appurtenance lawfully placed or constructed on the right of way.'

"Plaintiffs' argument construes the savings clause without consideration of the entire clause. The savings clause deals with matters 'lawfully placed or constructed on the right of way.' The undisputed facts are that the plaintiffs desire to alter their road approach to their access point. The 1967 amendment prohibits an alteration or change in the manner of using the approach without the permission of the Division. The savings clause of ORS 374.330(2)(a) only preserved the existing conditions, those 'lawfully placed or constructed.' The savings clause did not preserve any potential alterations that may have been accomplished prior to the amendment of the act.

"Principles of statutory construction require that defendant's construction of the statute be followed. It is a general principle of statutory construction that a statute

[ 684 ]

should be construed to carry out the intent of the legislature and to accomplish the purpose for which it was enacted. ORS 174.020; *Pio v. Adcco, Inc.,* 267 Or 540, 517 P2d 1189 (1974); *Terney v. Belton,* 239 Or 101, 396 P2d 557 (1964).

"The purpose of the statutes relating to the Department of Transportation's control of access to public highways is to protect the traveling public from the hazards of unrestricted and unregulated entries from adjacent property and to insure that such entries onto public highways are constructed so as to insure the highest degree of safety. ORS 374.005 [1] * * *. The legislative history does not specifically address the intent of the legislature in changing ORS 374.305 to require that a permit might be obtained for any changes in a road approach. However, in light of the stated purpose of the statute relating to control of highway access, it is apparent that the change was made to insure that future changes in road approaches would be made in a safe manner.

"A statute should be construed so as to avoid absurd or unreasonable results. *Didier v. S.I.A.C.,* 243 Or 460, 414 P2d 325 (1966). If the plaintiffs' construction of this

_____

[1] ORS 374.005 reads as follows:

"(1) The kind, character and volume of traffic now moving over public highways, the speed at which such traffic moves, the prime and essential factors such as speed, safety and convenience to which transportation of persons and property over public highways is entitled, the relation which such transportation bears to the transportation systems of other states and of the nation as a whole, the ever-increasing toll of injury to and death of persons and the destruction of and damage to property caused by and resulting from accidents on public highways constitute and are conditions and elements which demand of highway officials a program of highway designing, highway regulations, highway use and operation, highway controls and highway safeguards which will make possible and insure a degree of safety and convenience and a type and class of service not possible under existing law.

"(2) To the end that human lives may be saved, property damage minimized, transportation by motor vehicle promoted and highway travel in general safeguarded, the legislature finds, determines and declares that ORS 374.005 to 374.095 is necessary for the preservation of public safety, the improvement and development of transportation facilities in the state, the protection of highway traffic from the hazards of unrestricted and unregulated entry from adjacent property, the elimination of hazards due to highway grade intersections and in general the promotion of public welfare."

[ 685 ]

statute is adopted, the result would be unreasonable. An individual who had a lawful road approach in existence prior to September 13, 1967, would be allowed to make unlimited changes in the approach without regard to the effect the changes would have on highway safety. The Department of Transportation would have no authority to regulate the changes in the approach roads, and thus would have no means of insuring that the changes were done in a safe manner.

"The purpose of a 'grandfather clause' is to prevent hardship to individuals who have existing uses. A 'grandfather clause' is enacted to preserve rights, not to grant additional rights. *Commonwealth Air Transport v. Stuart,* 303 Ky 69 [196 SW2d 866] (1946). The purpose of ORS 374.330(2) was to preserve the existing rights of individuals having lawful approach roads and to insure that no hardship would be imposed upon these individuals. Particularly in view of the purpose of the laws relating to control of highway access, it is apparent that the legislature did not intend to grant additional rights to these individuals.

"If ORS 374.330(2) is construed to exempt individuals having road approaches lawfully in existence prior to September 13, 1967, from applying for a permit for any future changes, the purpose of the amendment to ORS 374.305 is partially defeated.

"Thus, viewing ORS 374.305 and 374.330(2) in light of the apparent legislative intent and the purpose of the laws relating to highway access control and the result which would occur if the plaintiffs' construction of the statute were adopted, these statutes should be construed only to protect road approaches as they existed prior to September 13, 1967, and not to allow unlimited future changes in such approaches."

Affirmed.