Argued and submitted September 26,
rule invalidated December 29, 1980

# CHEVRON U.S.A., INC., et al,
*Petitioners,*

*v.*

# MOTOR VEHICLES DIVISION et al,
*Respondents.*

## (No. MV 6-1980, CA 17637)
621 P2d 668

William N. Mehlhaf, Portland, argued the cause for petitioners. On the brief was John D. Burns, Portland.

Dale K. Hormann, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Solicitor General, William F. Gary, Deputy Solicitor General, and William F. Nessly, Jr., Assistant Attorney General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner challenges the Motor Vehicles Division's (Division) amendment of OAR 735-11-115 contending that the Division exceeded its statutory authority by requiring that fuel tax reports and fuel tax payments made by motor vehicle and aircraft fuel dealers be actually received by the Division, not just postmarked, by the date on which they are due in order to avoid penalty.

OAR 735-11-115 as most recently amended by the Division provides (with deleted provisions shown in brackets):

"(1) As explained in Rule 735-11-100, a tax report must be filed for each calendar month. The report is to be filed not later than the 25th day of the succeeding calendar month. However, when the due date falls on a Saturday, a Sunday, or any legal holiday, the report may be filed on the next business day without penalty.

"(2) Legal holidays, as defined in the Oregon law include:

"(a) Each Sunday.

"(b) New Years Day on January 1.

"(c) Memorial Day on the last Monday in May.

"(d) Independence Day on July 4.

"(e) Labor Day on the first Monday in September.

"(f) Veterans Day on November 11.

"(g) Thanksgiving Day on the fourth Thursday in November.

"(h) Christmas Day on December 25.

"(3) [Chapter 293 of the Oregon law provides that any report, tax return remittance or claim for credit or refund, transmitted through the United States Mail, shall be deemed 'filed' or 'received' on the date shown by the post office cancellation mark stamped upon the envelope containing it, or on the date it was mailed if proof satisfactory to the state establishes that the actual mailing occurred earlier.] The Oregon Attorney General has ruled that ORS 319.180(1) means that the report and the tax due must be received in the office of the Motor Vehicles Division on or before the due date.

"If a dealer elects to use Express Mail, at [his] their own risk, the report and remittance should be addressed to the Motor Vehicles Division, Fuels Tax Branch, 5821 NE Glisan, Portland, OR 97213, since Salem is not served by Express Mail.

"All reports, except Express Mail, should be addressed to the Salem address on the report form."

■ An administrative agency may not amend a statute by its rules, but may merely fill in gaps to effectuate the purpose of a legislative act as enunciated in *U. of O. Co-Oper. v. Dept. of Rev.,* 273 Or 539, 550, 542 P2d 900 (1975). *See also Van Ripper v. Liquor Cont. Com.,* 228 Or 581, 591, 365 P2d 109 (1961); *Joint Council of Teamsters v. OLCC,* 46 Or App 135, 139, 610 P2d 1250, *rev den* (1980). The Division, therefore, may not change but merely carry out the purpose of the Motor Vehicle Fuel and Aircraft Fuel Tax Act, ORS 319.010 to 319.430, by its rules concerning fuel tax reports and payments.

The Division bases its authority for this rule on ORS 481.940[1] and ORS 319.180. ORS 319.180 provides:

"(1)  The license tax imposed by ORS 319.020 shall be paid on or before the 25th day of each month to the division which, upon request, shall receipt the dealer or subdealer therefor.

"(2)  Except as provided in subsection (4) of this section, to any license tax not paid as required by subsection (1) of this section there shall be added a penalty of one percent of such license tax.

"(3)  Except as provided in subsection (4) of this section, if the tax and penalty required by subsection (2) of this section are not received on or before the close of business on the last day of the month in which the payment is due, a further penalty of 10 percent shall be paid in addition to the penalty provided for in subsection (2) of this section.

"(4)  If the division determines that the delinquency was due to reasonable cause and without any intent to avoid payment, the penalties provided by subsections (2) and (3) of this section shall be waived. Penalties imposed by this section shall not apply when the penalty provided in ORS 319.090 has been assessed.

"  * * * * * "

---

[1] ORS 481.940:

"The administrator with the approval of the director may make the rules and regulations necessary for the administration and enforcement of the laws which the division is charged with administering."

Petitioners argue that the Division exceeded its authority because the Division's amendment of OAR 735-11-115 conflicts with ORS 293.660, which petitioner contends was drafted "specifically to apply to the fuel tax reports and payments required by ORS chapter 319."[2] ORS 293.660 provides:

"Any report, tax return, remittance to cover a payment or claim for credit or refund required by law to be filed with or made to the state or to a state agency, which is:

"(1) Transmitted through the United States mail, shall be deemed filed or received on the date shown by the post-office cancellation mark stamped upon the envelope containing it, or on the date it was mailed if proof satisfactory to the state or state agency establishes that the actual mailing occurred on an earlier date.

"* * * * * *"

Respondents argue that the rule should be upheld, contending that

"[b]ecause the computation of penalties for late payment under ORS 319.180 must be done with reference to the date of actual receipt, and that statute must be construed to be internally consistent, fuel tax payments under ORS 319.180 must actually be delivered to the Motor Vehicle Division by the due date notwithstanding the conflicting language of ORS 293.660."

Respondent's assertion that ORS 319.180 requires actual receipt is not supported by the language of the statute.

■■ Statutes which are in pari materia are to be construed together so that they are consistent with and in harmony with each other. *Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979). *See also,* 2A Sands, Sutherland Statutory Construction, 290, § 52.02 (4th Ed 1973). Both ORS 319.180 and ORS 293.660 relate to the same subject

---

[2] Legislative history suggests that an oil company representative pressed for passage of ORS 293.660 (and its predecessor, ORS 291.578) expecting it to apply to fuel tax reports and payments. *See* Minutes, Senate Committee on Assessments and Taxation, March 15, 1955, March 22, 1955; Minutes, Senate Committee on State and Federal Affairs, February 7, 1951, February 13, 1951. Nevertheless "* * * the comments of one individual * * * [is] * * * of little or no help in determining legislative intent." (Citation omitted.) " * * * Comments by witnesses before a legislative committee are not persuasive." *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 652-53, 549 P2d 510 (1976); 2A Sands, Sutherland Statutory Construction, 209, § 48.10 (4th ed 1973).

matter; payments and reports made to a state agency. Construing these two statutes together, we conclude that the legislature intended that fuel tax reports and remittances to cover payments required to be made would be deemed received according to the criteria provided in ORS 293.660. OAR 735-11-115, as amended by the Division to require that reports and payments be actually received in the office of the Division by the due date in order to avoid penalty, is inconsistent with the statutes.

Rule invalidated.