Argued and submitted March 14, reversed and remanded June 18, 1986

FARMER,
*Appellant,*

*v.*

GEORGE,
*Respondent.*

(84-90112; CA A37345)

720 P2d 1328

Michael F. Fox, Eugene, argued the cause for appellant. With him on the brief was Hoffman, Morris, Giustina & Fox, Eugene.

No appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUR, J.

Plaintiff appeals from an "Order Supplementing Judgment Regarding Costs,"[1] which disallowed his statement for costs and disbursements with respect to his claim for reasonable attorney fees. The issue is whether an action for fraud based on fraudulent misrepresentations is an "action for damages for an injury or wrong to the person or property, or both, of another" within the meaning of ORS 20.080. We hold that it is and reverse.

Plaintiff brought this action to recover the difference between the price he paid for a 1981 automobile and the automobile's value had defendant not falsely represented it as a 1982 model. He sought $1,300 general damages, punitive damages and reasonable attorney fees pursuant to ORS 20.080. He alleged that he was entitled to attorney fees, because defendant refused to respond to his written demand for $1,300, made more than ten days prior to commencement of the action. The trial court allowed defendant's motion to strike the allegation, and plaintiff filed an amended complaint.

The case was tried to the court, and plaintiff submitted proof that he had made a written demand as alleged in the original complaint. At the close of the evidence, plaintiff moved to amend to conform to the proof of the attorney fees. Before ruling on the motion, the court returned its verdict for plaintiff and awarded $1,000 in general damages. Plaintiff submitted a statement of costs and disbursements, including an affidavit claiming reasonable attorney fees. The trial court allowed defendant's objections to the attorney fees and denied plaintiff's motion to amend.

*Former* ORS 20.080(1) provided in part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $3,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was

---

[1] Notwithstanding the unusual title given the order, we have jurisdiction by virtue of ORS 20.220, 46.250(1) and 46.250(3).

made on the defendant not less than 10 days before the commencement of the action * * *."[2]

Defendant successfully argued at trial that, because the fraud claim did not involve personal injury or property damage, the claim did not come within the literal terms of the statute. Plaintiff contends that "[b]ecause damages arising from fraud involve some sort of pecuniary loss, * * * it is axiomatic that fraud involves a wrong to one's property interests."

We do not think the answer is so obvious as plaintiff suggests. The question is whether the legislature intended to include a common law action for fraud within the meaning of the words "injury or wrong to property." Generally, the legislature's words are the best evidence of its intent. *See State ex rel Cox v. Wilson,* 277 Or 747, 750, 562 P2d 172 (1977); *Roberts v. Gray's Crane & Rigging,* 73 Or App 29, 33, 697 P2d 985, *rev den* 299 Or 443 (1985). In some cases, however, the language of the statute does not reveal that intent, *see, e.g., State v. Tippie,* 269 Or 661, 665, 525 P2d 1315 (1974); *State v. Welch,* 264 Or 388, 393, 505 P2d 910 (1973), and this is one of those cases. The language of ORS 20.080 does not reveal whether the legislature intended the phrase "injury or wrong to person or property" to include pecuniary loss resulting from fraud. In such cases, we try to determine what the legislature would have done had it considered the question. *See State v. Tippie, supra,* 269 Or at 665. We also construe statutes to accomplish the purposes for which they were enacted. *Spaght v. Dept. of Transportation,* 29 Or App 681, 685, 564 P2d 1092, *rev den* 280 Or 1 (1977).

In *Colby v. Carson,* 208 Or 121, 125, 297 P2d 1073, 299 P2d 1076 (1956), the court stated:

"ORS 20.080 is a special statute passed in 1947 * * * to meet a particular situation. It applies only in tort actions involving claims for injury to person or property where the amount recovered is $500 or less, and was undoubtedly enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums. The risk the defendant ran of having to pay the fee of the plaintiff's attorney was evidently considered a spur to such settlements. *See Dolan v. Continental Casualty Co.,* 133 Or 252, 255, 289 P

---

[2] Or Laws 1985, ch 342, § 7, amended ORS 20.080(1) to increase the damage limit to $4,000.

1057 [(1930)]. Frequently the injured person might forego action upon a small claim because he realized that, after paying his attorney, his net recovery would not be worth the time and trouble of a vexatious law suit. The legislature may have found that tort feasors or their insurance carriers frequently rejected meritorious claims of this kind because of this known reluctance of injured persons to litigate. Claims which in honesty and fairness should have been paid were not paid, and it was to remedy this evil that the statute was passed."

Given that purpose, we believe that, had the legislature considered the question, it would have made it more clear that it intended the phrase "wrongs to person or property" to encompass all tort claims involving small sums to encourage their settlement without litigation. We hold that plaintiff is entitled to an award of reasonable attorney fees on the fraud claim.

Reversed and remanded for further proceedings not inconsistent with this opinion.