Argued and submitted September 5, affirmed December 5, 2001

James R. MITCHELL
and Sandy Mitchell,
*Appellants,*

*v.*

CITY OF ST. PAUL,
an Oregon municipality,
*Respondent.*

99C-16115; A113140

36 P3d 513

Michael G. Gunn argued the cause for appellants. With
him on the briefs was Michael G. Gunn, P.C.

E. Shannon Johnson argued the cause for respondent. With him on the brief was Lien & Johnson.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In this breach of contract action, the arbitrator awarded plaintiffs damages and costs, but not attorney fees. Plaintiffs filed exceptions to the denial of attorney fees, arguing that they were entitled to fees under ORS 20.080. The trial court denied the exceptions. Plaintiffs appeal. We review for errors of law, *Schwarzkopf v. Shannon the Cannon's Window*, 166 Or App 466, 468, 998 P2d 244 (2000), and affirm.

The following facts are not disputed. Plaintiffs own property in St. Paul, Oregon. In reliance on an oral promise by the city council to reimburse them, they made improvements to a gravel road that serves their property. When the City of St. Paul (defendant) did not reimburse them, they sued, alleging breach of an oral contract and seeking $2,989.96 in damages, plus costs and attorney fees. The case went to arbitration, and the arbitrator awarded them $1,500 in damages and $1,126.53 in costs, but denied their request for attorney fees. Plaintiffs filed exceptions to the denial of attorney fees pursuant to ORS 36.425(6). The trial court denied them on the ground that the statute under which plaintiffs sought fees, ORS 20.080, does not apply to a breach of contract case unless it involves injury or damage to persons or property. Plaintiffs appeal, arguing that they come within the scope of the statute. In its response, defendant argues that the trial court's interpretation of the statute was correct and also asserts that this court lacks jurisdiction because the trial court's denial of plaintiffs' attorney fee request became final by operation of law more than 30 days prior to plaintiffs' notice of appeal, thus rendering the notice untimely.

We begin with the issue of our jurisdiction. Defendant relies primarily on ORS 36.425(6), which provides, in part:

"Within seven days after the filing of a decision and award [in an arbitration], a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. * * * A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs.

If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed."

According to defendant, plaintiffs filed exceptions to the arbitrator's attorney fee decision on May 1, 2000, and although the trial court issued a letter opinion denying the exceptions on May 12, it did not issue an order to that effect until June 6, beyond the 20-day interval. Therefore, according to defendant, the denial became final by operation of law on May 22. That finality triggered the 30-day period during which plaintiff had to file a notice of appeal to this court under ORS 19.255(1). By January 29, 2001, the date plaintiffs ultimately filed that notice, the period had long since expired.

■        We disagree with defendant's analysis. In *Deacon v. Gilbert*, 164 Or App 724, 995 P2d 557 (2000), *rev den* 331 Or 583 (2001), we explained that when an arbitrator's decision is affirmed by operation of law, the appeal period begins to run only when that decision is reduced to judgment. *Id.* at 731. Here, the judgment was entered on January 4, 2001. Plaintiffs had 30 days within which to file their notice of appeal to this court. Their filing on January 29 was therefore timely.

We turn to the merits, which require us to determine whether this breach of contract case falls within the scope of ORS 20.080(1). That statute provides, in part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461."

Plaintiffs argue, and we agree, that the outcome of this case depends on whether it is an "action for damages for an injury or wrong to the person or property." The literal and plain meaning of this language is clearly broad enough to encompass this action for breach of contract: Defendant committed

a wrong, and, ultimately, plaintiffs' property was damaged in that they had to incur an expenditure which, absent the wrong, they would not have had to incur.

That common understanding is confirmed by *Webster's Third New International Dictionary* (unabridged ed 1993), which, after all, does nothing more than report common understandings. One of its definitions of "wrong" is "an injurious, unfair, or unjust act." *Id.* at 2641. "Property" is "something that is or may be owned or possessed." *Id.* at 1818. *Black's Law Dictionary*, 1606 (7th ed 1999) defines "wrong" as "[b]reach of one's legal duty; violation of another's legal right." "Property" is "[a]ny external thing over which the rights of possession, use and enjoyment are exercised." *Id.* at 1232. Thus, literally, ORS 20.080(1) requires attorney fees in a case like this where plaintiffs prevail in an action alleging that defendant committed an unfair and unjust act (failure to perform a legally binding promise), and breached a legal duty, which ultimately resulted in damage to something that plaintiffs possessed (their money).

■     Other indications of the statute's meaning, however, point to a more limited definition of "injury or wrong to the person or property." A statute's context includes prior constructions of it by the Oregon Supreme Court. *Davis v. O'Brien,* 320 Or 729, 741, 891 P2d 1307 (1995). Ordinarily, those constructions become part of the statute itself, as though they were written into it by the drafters. *Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995). In *Colby v. Larson*, 208 Or 121, 125-26, 297 P2d 1073 (1956), the Supreme Court stated that ORS 20.080 "applies only in tort actions involving claims for injury to person or property * * * and was undoubtedly enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums." That understanding of the statute's meaning and purpose has been echoed in subsequent cases by the Supreme Court and this court. *See, e.g., Bivvins v. Unger*, 263 Or 239, 501 P2d 1262 (1972); *Johnson v. White*, 249 Or 461, 462-63, 439 P2d 8 (1968).

This court has created some narrow exceptions to the *Colby* "torts only" interpretation of ORS 20.080. In *Barnes v. Lackner*, 93 Or App 439, 441-42, 762 P2d 1043

(1988), we held that the language of the statute itself, in particular the phrase "any action," supersedes the language in *Colby*. In *Barnes*, we allowed an attorney fee award to a plaintiff who established that the defendant's breach of a bailment contract resulted directly in harm to the plaintiff's boat, which had been left in the defendant's care. We also allowed an attorney fee award under ORS 20.080 to a plaintiff who prevailed on a claim under the Unfair Debt Collection Practices Act (UDCPA), noting that the UDCPA itself described unfair practices in language similar to ORS 20.080 ("any person injured * * * may bring an action * * * to recover actual damages") and that an action under the UDCPA was "tort-like." *Steele v. A & B Automotive & Towing Services, Inc.*, 135 Or App 632, 638, 899 P2d 1206 (1995).

We have also, in a few cases, expansively interpreted the concept of "injury to property," holding that it includes injuries that do not directly affect some item of real or personal property. In *Farmer v. George,* 80 Or App 120, 123-24, 720 P2d 1328 (1986), we applied ORS 20.080 in a tort case that involved direct damage to only the pecuniary interest of a plaintiff who was defrauded into buying an automobile that was older than the seller represented. Neither the automobile nor the plaintiff's person was damaged. And in *Steele,* we approved applying ORS 20.080 where the plaintiff prevailed in a claim under the UDCPA alleging, as harm, the legal expenses he incurred to defend against the defendant's unlawful collection practices. Again, no item of personal or real property was damaged.

We do not read those cases as broadly as plaintiffs or as broadly as the plain language, unmodified by Supreme Court interpretation, might suggest. The statute applies in tort cases, cases under statutes establishing tort-like causes of action, and breach of contract cases if (and only if) the breach results directly in damage to an item of real or personal property. We have never held, and are unwilling to hold now, that ORS 20.080(1) applies in a breach of contract case where the breach results in no injury to property beyond the foregone financial benefit of the contract itself.

Our reading is supported by other contextual indicators, including the maxim of statutory construction that

instructs the court to interpret statutes so as to give each part meaning. ORS 174.010. Plaintiffs' interpretation would render part of the statute superfluous: The phrase "for an injury or wrong to the person or property" would add nothing. The statute would apply whenever a plaintiff prevails in an action seeking damages in an "amount [of] * * * $5,500 or less," because any plaintiff who prevailed in such a case would necessarily have suffered a "wrong" to "property."

In sum, plaintiffs timely filed an appeal from the trial court's judgment denying them attorney fees under ORS 20.080(1), but the trial court's denial was not error.

Affirmed.