Argued and submitted June 24, affirmed December 14, 2011, petition for review denied May 3, 2012 (352 Or 25)

Erin WILLIAMSON,
*Plaintiff-Appellant,*

*v.*

GOVERNMENT EMPLOYEES INSURANCE CO.,
*Defendant-Respondent.*

Multnomah County Circuit Court
090608383; A145095

270 P3d 260

Jon M. Egan argued the cause for appellant. With him on the briefs was Jon M. Egan, PC.

Westin T. McLean argued the cause for respondent. With him on the brief were Dylan T. Becker and Smith Freed & Eberhard PC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff appeals a supplemental judgment denying her attorney fees, challenging the trial court's rejection of her exceptions, ORS 36.425(6), to the arbitrator's denial of her fee petition. The trial court sustained the arbitrator's determination that plaintiff had no entitlement to attorney fees under ORS 20.080 and further held that, because plaintiff had not invoked ORS 20.082 as a possible ground for fee entitlement before the arbitrator, that ground was not cognizable before the trial court on its review of plaintiff's exceptions. We agree with the trial court's reasoning and, accordingly, affirm the supplemental judgment denying plaintiff attorney fees.

The underlying facts are undisputed. Before she died, plaintiff's mother held an insurance policy with defendant for which she paid by automatic payments from a joint checking account that she shared with plaintiff. Plaintiff informed defendant of her mother's death, asked to cancel the policy, and requested that defendant cease withdrawing money from the account. Defendant continued to automatically withdraw money from the account. Plaintiff's claims against defendant arise from her demand that defendant return the money taken from the bank account.

In her complaint, plaintiff pleaded claims of replevin, conversion, trespass to chattels, money had and received, and intentional infliction of emotional distress. Additionally, plaintiff separately claimed entitlement to attorney fees under each theory. The trial court directed the case to mandatory court-annexed arbitration. *See* ORS 36.400 - 36.425. The arbitrator decided in favor of plaintiff on her claim for money had and received and for defendant on all other claims. Plaintiff subsequently submitted a statement to the arbitrator seeking an award of attorney fees under ORS 20.080 (2001).[1] Defendant opposed plaintiff's

---

[1] ORS 20.080 (2001) was amended by Oregon Laws 2009, chapter 487, section 1. Because the complaint in this case was filed before the effective date of those amendments, January 1, 2010, they do not apply. Or Laws 2009, ch 487, § 2. We quote the 2001 version, and all references in this opinion are to that version.

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the

request for attorney fees, arguing that plaintiff was not entitled to fees under ORS 20.080 because a claim for money had and received is not predicated on "an injury or wrong to [plaintiff's] person or property." Plaintiff remonstrated that ORS 20.080 does apply to claims for money had and received because, in her view, ORS 20.080 broadly applies to all legal causes of action and "taking and keeping someone's property is an injury or wrong to that property." Plaintiff did not assert any alternative basis of entitlement to attorney fees. The arbitrator determined that plaintiff was not entitled to attorney fees under ORS 20.080. The arbitrator explained:

"I find that the case of *Mitchell v. City of St. Paul*, 178 Or App 312, 36 P3d 513 (2001)[,] is the controlling case regarding entitlement to fees. That case holds, with limited exceptions, that ORS 20.080 will only entitle a prevailing plaintiff to attorney's fees in tort cases. The exceptions mentioned in the *Mitchell* case included actions for statutory violations that are described as 'tort-like.'

"Plaintiff alleged a number of torts but prevailed only on the claim for money had and received. I do not believe that the theory of money had and received is either a statutory cause of action or a tort. Accordingly, I do not find that ORS 20.080 provides an entitlement to attorney's fees."

Pursuant to ORS 36.425(6),[2] plaintiff filed exceptions to the arbitrator's denial of fees in the trial court and

plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff.

"(2) If the defendant pleads a counterclaim, not to exceed $5,500, and the defendant prevails in the action, there shall be taxed and allowed to the defendant, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim.

"(3) The provisions of this section do not apply to any action based on contract."

[2] ORS 36.425(6) provides:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other

submitted a revised statement of attorney fees, again contending that ORS 20.080 applied to her claim for money had and received. Additionally—and for the first time—plaintiff raised ORS 20.082[3] as an alternative basis for an award of attorney fees. The trial court denied plaintiff attorney fees under ORS 20.080 for the same reason as the arbitrator. In addition, the trial court refused to consider plaintiff's claim for fees under ORS 20.082 because plaintiff had failed to claim entitlement to fees under that statute before the arbitrator.

On appeal, plaintiff assigns error to the trial court's denial of her request for attorney fees under ORS 20.080, arguing that ORS 20.080 is not limited to tort claims or, alternatively, that a claim for money had and received sounds in tort. Plaintiff also assigns error to the trial court's denial of her alternative request for fees under ORS 20.082,

---

parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding party. A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

[3] ORS 20.082 (2005) was amended by Oregon Laws 2009, chapter 487, section 5. Because the complaint in this case was filed before the effective date of those amendments, January 1, 2010, they do not apply. Or Laws 2009, ch 487, § 6. We quote the 2005 version, and all references in this opinion are to that version.

ORS 20.082 provides, in part:

"(1) As used in this section, 'contract' includes:

"(a) Express contracts;

"(b) Implied contracts; and

"(c) Instruments or documents evidencing a debt.

"(2) Except as provided in this section, a court shall allow reasonable attorney fees to the prevailing party on any claim based on contract if:

"(a) The amount of the principal together with interest due on the contract at the time the claim is filed is $5,500 or less; and

"(b) The contract does not contain a clause that authorizes or requires the award of attorney fees."

arguing that, under ORS 36.425(6), the trial court was required to consider and determine her purported entitlement to fees under ORS 20.082.[4] Defendant responds that the trial court did not err in denying plaintiff's request for attorney fees under ORS 20.080 because money had and received is an implied contract theory and ORS 20.080(3) expressly excludes "any action based in contract" as a basis for fee entitlement under ORS 20.080. Defendant also maintains that the trial court did not err in declining to review plaintiff's entitlement to fees under ORS 20.082 because plaintiff failed to plead that basis for fees to the arbitrator and the trial court's scope of review of plaintiff's exceptions pursuant to ORS 36.425(6) is limited to the legal grounds on which the arbitrator considered and denied attorney fees.

We review a trial court's allowance or denial of attorney fees for legal error. *Rymer v. Zwingli*, 240 Or App 687, 691, 247 P3d 1246 (2011). With respect to plaintiff's first assignment of error, the question reduces to whether fee entitlement for having prevailed on plaintiff's "money had and received" claim arises under ORS 20.080, as opposed to ORS 20.082. The answer inexorably follows from the following premises: (a) ORS 20.082 governs entitlement to attorney fees for "claim[s] based on contract," and ORS 20.080(3) concomitantly expressly excludes actions "based on contract" from the scope of entitlement under ORS 20.080; (b) under ORS 20.082(1), "contract" for purposes of ORS 20.082 includes express or implied contracts; (c) "[t]he term 'implied contract' can refer either to a contract implied-in-fact or to one implied-in-law[,]" *Staley v. Taylor*, 165 Or App 256, 262, 994 P2d 1220 (2000); (d) consistently with *Staley*, "money had and received" is based on a contract implied in law, *Briggs v. Lamvik*, 242 Or App 132, 143, 255 P3d 518 (2011); consequently, (e) alleged fee entitlement based on having prevailed on a claim for "money had and received" cannot be governed by ORS 20.080, but is, instead, governed by ORS 20.082. We thus conclude that ORS 20.080 does not provide a

---

[4] Plaintiff also argues that "[t]he designation of a non-elected arbitrator to make any binding determination on the issue of attorney fees is unconstitutional." Plaintiff's contention rests on a false premise, belied by ORS 36.425(6), that there is no mechanism for judicial review of the arbitrator's determination. We reject plaintiff's constitutional arguments without further published discussion.

basis for plaintiff to recover attorney fees, and we affirm the trial court's determination in that matter.

Turning to plaintiff's second assignment of error, the issue is whether plaintiff could successfully invoke ORS 20.082 for the first time before the trial court by way of litigating her exception to the arbitrator's denial of the fees claimed under ORS 20.080. We conclude, consistently with the unambiguous text of ORS 36.425(6), that the trial court correctly rejected plaintiff's exception.

As noted, ORS 36.425(6) provides, in pertinent part:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award."

Thus, the statute creates a precise mechanism by which parties who do not opt for a trial *de novo* pursuant to ORS 36.425(2)(a)[5] may nevertheless take exception to the "legal grounds" on which an arbitrator allowed—or, as here, denied—attorney fees. Very significantly, subsection (6) is not phrased generically as authorizing exceptions "to an award or denial of attorney fees"; rather, by its express terms, its focus is specific and rigorous: "[E]xceptions under this subsection may be directed to *the legal grounds for* an award or denial of attorney fees." (Emphasis added.) Accordingly, if the arbitrator committed no legal error in (as here)

---

[5] ORS 36.425(2)(a) provides:

"Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. A copy of the notice of appeal and request for a trial de novo must be served on all other parties to the proceeding. After the filing of the written notice a trial de novo of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury."

denying a party's request for attorney fees, the exception pursuant to ORS 36.425(6) must be rejected. *See also Foust v. American Standard Ins. Co.*, 189 Or App 125, 133-34, 74 P3d 1111 (2003) ("Subsection (6) does not provide for trial *de novo.* * * * Rather, * * * review is limited to determining whether the arbitrator correctly applied the law in awarding or denying attorney fees." (Citation omitted.)).

Here, the arbitrator "correctly applied the law in * * * denying attorney fees." *Id.* at 134. The only basis for fee entitlement that plaintiff invoked before the arbitrator was ORS 20.080, and the arbitrator denied fees on the ground that ORS 20.080 was inapposite. *That* was the "legal ground" for fee denial—and that "legal ground" was patently correct. It is immaterial that plaintiff could have—and perhaps should have—invoked ORS 20.082, at least alternatively, before the arbitrator. What is material for purposes of ORS 36.425(6) is that plaintiff never invoked ORS 20.082 before the arbitrator and that the only ground for fee entitlement that she did invoke, ORS 20.080, was inapposite. Given those circumstances, the arbitrator's "legal ground" for denial of attorney fees was unexceptional, and the trial court correctly sustained that denial.

Affirmed.